FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 18 2021

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA
LAMBERT, Each Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                                        No. 4:21-cv-429-JM

**CENTENE MANAGEMENT COMPANY, LLC,**                             **DEFENDANTS**
**and CENTENE CORPORATION**

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Laeartha Banks and Aria Lambert ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Centene Management Company, LLC, and Centene Corporation (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiffs were employed by and performed work for Defendant in Little Rock; therefore, venue is proper within the Central Division of the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Laertha Banks ("Banks") is an individual and resident of Pulaski County.

7. Plaintiff Aria Lamber ("Lambert") is an individual and resident of Pulaski County.

8. Separate Defendant Centene Management Company, LLC ("Centene Management"), is a foreign limited liability company.

9. Centene Management's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

10. Separate Defendant Centene Corporation ("Centene Corporation") is a foreign, for-profit corporation.

11. Centene Corporation's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

12. Defendants, in the course of their business, maintain a website at https://www.centene.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendants provide healthcare plans and services to its customers.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from Centene Management and Centene Corporation was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

22. Defendant employed Banks as a Utilization Manager from February of 2019 until March of 2021.

23. Defendant employed Lambert as a licensed practical nurse and concurrent review nurse from July of 2019 until February of 2021.

24. Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

25. Plaintiffs worked at Defendant's location in Little Rock.

26. Defendant also employed other hourly-paid employees to perform the work necessary to its business (hereinafter referred to as "hourly employees")

27. In addition to their hourly wage, Plaintiffs regularly received nondiscretionary bonuses ("bonuses").

28. Specifically, Plaintiffs received referral bonuses, as well as annual bonuses based on employee performance and the company's profitability.

29. The bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiffs expected to receive the bonuses and did in fact receive the bonuses on a regular basis.

30. Upon information and belief, all or most hourly employees received bonuses.

31. Defendant informs its hourly employees of the bonuses upon hiring because the bonuses are part of Defendant's compensation package. Hourly employees expect to receive the bonuses.

32. Defendant directly hired Plaintiffs and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33. Plaintiffs and other hourly employees regularly worked in excess of forty hours per week throughout their tenure with Defendant.

34. Defendant paid Plaintiffs and other hourly employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

35. However, Defendant did not include the bonuses that were paid to Plaintiffs and other hourly employees in their regular rates when calculating their overtime pay even though Plaintiffs and other hourly employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

36. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiffs and other hourly employees, in their regular rate when calculating their overtime pay.

38. Upon information and belief, Defendant's pay practices were the same for all hourly workers who received bonuses.

39. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

40. Because of the volume of work required to perform their jobs, Plaintiffs and other hourly employees consistently worked in excess of forty hours per week.

41. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly employees violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

44. Plaintiffs propose the following class under the FLSA:

   **All hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

45.	In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

46.	The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

47.	The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.	They were paid hourly;

B.	They were eligible for and received nondiscretionary bonuses;

C.	They worked over forty hours in at least one week in which they performed work related to a bonus; and

D.	They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

48.	Plaintiffs are unable to state the exact number of the collective but believe that the class exceeds one hundred (100) persons.

49.	Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

50.	The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

51.	The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

52. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

57. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

58. Defendant knew or should have known that its actions violated the FLSA.

59. Defendant's conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiffs asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

68. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

69. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

75. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

76. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

77. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

79. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

80. Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty per week.

81. Defendant knew or should have known that its practices violated the AMWA.

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Laeartha Banks and Aria Lambert, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LAERTHA BANKS and ARIA LAMBERT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA**                                           **PLAINTIFFS**
**LAMBERT, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                               No. 4:21-cv-___

**CENTENE MANAGEMENT COMPANY, LLC,**                **DEFENDANTS**
**and CENTENE CORPORATION**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Centene Management Company, LLC, and Centene Corporation within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*LaEartha Banks*
**LAEARTHA BANKS**
May 18, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA**                                                 **PLAINTIFFS**
**LAMBERT, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                         No. 4:21-cv-____

**CENTENE MANAGEMENT COMPANY, LLC,**                 **DEFENDANTS**
**and CENTENE CORPORATION**

## CONSENT TO JOIN COLLECTIVE ACTION

      I was employed as an hourly worker for Centene Management Company, LLC, and Centene Corporation within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

                                                                  _/s/ Aria Lambert_
                                                                   **ARIA LAMBERT**
                                                                   May 18, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**