**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LAEARTHA BANKS and                                    PLAINTIFFS
ARIA LAMBERT, Each Individually
and on Behalf of all Others Similarly
Situated

v.                              Case No. 4:21-CV-429-JM

CENTENE MANAGEMENT COMPANY
and CENTENE CORPORATION                               DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO**
**DENY CONDITIONAL CERTIFICATION AND**
**DISMISS FLSA COLLECTIVE CLAIM PURSUANT TO FED. R. CIV. P. 12(c)**

**I.      INTRODUCTION**

After more than eight months, Plaintiffs Laeartha Banks ("Banks") and Aria Lambert

("Lambert," and with Banks, "Plaintiffs") have not taken any action to pursue this case as a

collective action, and they have missed the deadline for filing any motion for conditional

certification. The responsibility and consequence of failing to meet a deadline falls upon the party

that missed the deadline. *Grandson v. Univ. of Minnesota,* 272 F.3d 568, 574 (8th Cir. 2001)

(affirming order striking class claims after named plaintiffs failed to timely file for class

certification). Missing the certification deadline is evidence of being remiss in one's duties and as

a result, a named plaintiff is precluded from moving for class certification. *See id.* Here, both the

local rule's deadline to move for class certification and the stipulated deadline for Plaintiffs to file

for conditional certification have passed, with no action by Plaintiffs or their counsel. As a result,

Defendants Centene Management Company and Centene Corporation (collectively, "Centene"),

respectfully move the Court for an order denying conditional certification under the Fair Labor

Standards Act ("FLSA") and dismissing the Second Claim for Relief which asserts a purported collective action under the FLSA.

Plaintiffs and their attorneys have failed to prosecute this case and blown past the deadline for conditional certification. This action has been pending in this Court for nearly 250 days. Under Local Rule 26.1(13), motions for certification should generally be filed within 90 days of the Rule 26 conference, a deadline which passed more than two months ago. The Parties stipulated to an extended deadline for Plaintiffs to move for conditional certification in their Joint Rule 26(f) Report (Dkt. 9), and the extended deadline passed several weeks ago. As of today, Plaintiffs still have not moved for certification. Plaintiffs made no effort to seek an extension before the deadline expired.

Nothing impeded Plaintiffs from timely moving for certification.[1] Plaintiffs have abandoned their collective claims by failing to move for conditional certification, and they must be limited to moving forward with their individual claims only.

---

[1] Plaintiffs' counsel is well-aware of the importance of meeting the deadline to move for conditional certification as they have previously failed to timely move in other cases brought against Centene. *See Ruby Scott v. Centene Corporation and Centene Management Company, LLC*, Eastern District of Arkansas, No. 19-cv-00198-BSM, Dkt. 18 (Brief in Support of Defs' Mtn. to Deny Class Cert. and Deny Conditional Cert., filed 9/27/19) (moving for an order denying conditional certification and dismissing the FLSA collective claim due to plaintiffs' failure to timely move for notice); *Id.*, Dkt. 19 (Pl's Notice of Withdrawal of Class and Collective Claims, filed 10/3/19) (admitting the deadline to move for conditional certification had passed and stating that the plaintiff had made a "strategic decision not to pursue" a collective action, calling Centene's motion to deny conditional certification an "ostensibly procedural motion"). *See also Taquilla Hatch v. Arkansas Total Care, Inc., Centene Corporation and Centene Management Company, LLC*, Eastern District of Arkansas, No. 4:18-cv-00580-JM, Dkt. 40 (Brief in Support of Defs' Mtn. to Deny Class Cert, filed 9/27/19) (moving for an order denying class certification due to plaintiff's failure to timely move for notice); *Id.*, Dkt. 41 (Pl's Notice of Withdrawal of Class Claims, conceding the deadline to move for class certification had passed, filed 10/3/19).

## II.     RELEVANT PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a "collective action" complaint on May 18, 2021 (Dkt 1) and Centene filed its answer and affirmative defenses on June 11, 2021. *See* Dkt. 5. The Court entered the Initial Scheduling Order in July 2021 (Dkt. 8), proposing a motion deadline of January 12, 2022. Dkt. 8-1, at p. 1 ¶ 4.

Counsel for the Parties conferred pursuant to Rule 26(f) on August 20, 2021. *See* Dkt. 9. The Parties filed their Joint Rule 26(f) Report on September 3, 2021. *Id.* In the Report, the Parties agreed to January 7, 2022[2] as the deadline for Plaintiffs to move for conditional certification. *Id*., at p. 14, ¶ 13. The Joint Report also included a statement from the parties that the January 12, 2022 motion deadline proposed in the Initial Scheduling Order should be extended because the Parties would need time for class notification and discovery, if a collective action was pursued. Dkt. 9, at p. 4 ¶ 12. The Court entered a Final Scheduling Order on November 30, 2021, leaving undisturbed the Parties' stipulated January 7, 2022 deadline to move for conditional certification and pushing the motion deadline back to November 3, 2022, presumably to provide time for class notification and discovery, if a collective were to be pursued. Plaintiffs never moved for conditional certification, and they have not moved for relief from any deadlines.

## III.    THE COURT SHOULD GRANT CENTENE'S MOTION

### A.     Legal Standard for Denying FLSA Conditional Certification and Dismissing Collective Claims Under Rule 12(c).

Defendants can move preemptively to deny conditional certification under the FLSA. *See England v. New Century Financial Corp*., 370 F. Supp. 2d 504 (M.D. La. 2005) (granting defendants' motion to reject conditional certification of a collective action); *see also Till v. Saks*

---

[2] The Joint Report contains an error in that it states the deadline for conditional certification is January 7, 202*1*. The year "2021" is an error because January 2021 had already passed at that time.

*Inc.*, No. , 2013 WL 5755671 (N.D. Cal. Sept. 30, 2013) (granting defendants' motion to deny FLSA certification). Whether to certify a collective action under the FLSA is within the discretion of the district court. *See Threet v. Dassault Falcon Jet Corp.*, No. 4:18-CV-00445 BSM, 2019 WL 1422725, at *2 (E.D. Ark. Feb. 13, 2019).

Rule 12(c) of the Federal Rules of Civil Procedure further provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63, 570 (2007). The deadlines to move for conditional certification of an FLSA action have expired. *See* Dkt. 9, p. 4 ¶ 13. Therefore, Plaintiffs have failed to plausibly plead a collective action, and the collective claim asserted as the Second Claim for Relief in Plaintiffs' Complaint (Dkt. 1) should be dismissed.

**B.    Plaintiffs' Purported FLSA Collective Action Claim Fails Because They Missed the Deadline for Filing a Motion for Conditional Certification.**

Plaintiffs assert a collective action claim for alleged violation of the FLSA in their Second Claim for Relief against Centene. *See* Compl., Dkt. 1 ¶¶ 63-74. In doing so, they purport to bring a collective action under the FLSA on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). However, Plaintiffs have made no effort to file a motion for conditional certification within the required timeframe. Courts have repeatedly held that plaintiffs must file motions for conditional certification under the FLSA at an early stage of the litigation. The Parties agreed on a January 7, 2022 deadline for this motion. Dkt. 9, p. 4 ¶ 13. The Parties agreed that it was

necessary to determine the scope of the case, specifically, whether this case would be pursued as a collective action, early in the case to provide time for class notification and discovery. *Id.*, ¶ 12.

The deadline agreed to by Plaintiffs has passed, as has the Court's default deadline for class certification motions. *See* L.R. 26.1 (13) (noting "In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference."); *see also* L.R. 23.1 (3) ("Failure to move for class determination and certification by the deadline set in the Final Scheduling Order shall constitute and signify an intentional abandonment and waiver of all class action allegations contained in the complaint and same shall proceed as an individual, non-class action thereafter and shall be transferred by the Clerk from the Class Action Docket to the regular civil docket.").

The timeliness is important here, where Plaintiffs seek to represent many employees nationwide who worked for different entities and managers under different policies. *See* Dkt. 1, pp. 6-7 ¶¶ 42-48. Fairness to Centene and the efficient administration of justice requires the scope of the case to be ascertained at an early stage, as it is highly prejudicial for Centene not to know whether this lawsuit concerns only the two Plaintiffs or potentially thousands of employees nationwide.[3] Plaintiffs should not be permitted to pursue a representative action given their failure to meet the deadline. *See Adkinson v. Tiger Eye Pizza, LLC*, No. 4:19-CV-4007, 2020 WL 127992, at *3 (W.D. Ark. Jan. 10, 2020) (applying the "good cause" standard of Rule 16(b) and denying named plaintiffs' motion to amend complaint in conditionally certified collective action under the

---

[3] Defendants would vigorously oppose conditional certification for many reasons, but this Motion focuses solely on Plaintiffs' failure to meet the deadline. Notably, Defendants have successfully opposed conditional certification in a prior case asserting the same meritless regular rate claims brought by the same Plaintiffs' counsel. *See Whittenberg v. Centene Company of Texas, L.P. et al.*, No. SA-20-CV-00353-DAE, 2020 WL 3578317 (W.D. Tex. July 1, 2020) (denying conditional certification of regular rate and off-the-clock claims).

FLSA, noting that "[p]rejudice to the nonmoving party" is a consideration where the movant was diligent in meeting deadlines but prejudice need not be considered where the moving party has not been diligent).

This Court has adopted the "two-step class certification procedure" in FLSA collective actions, which first requires a plaintiff to move for conditional certification. *Berry v. Razor's Edge Pizza, Inc.,* No. 4:19CV00006 JM, 2019 WL 7163430, at *1 (E.D. Ark. Sept. 13, 2019). At this stage, "the plaintiff can satisfy the burden through the use of affidavits, supported by admissible evidence." *Id.* The Western District has emphasized "the importance of seeing to proper notice at an early stage of collective action litigation." *Hughes v. Ozark Guidance Ctr., Inc.,* No. 13-5032, 2013 WL 11816857, at *2 (W.D. Ark. Nov. 21, 2013); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (explaining that potential opt-in plaintiffs in a collective action should receive "accurate and timely notice concerning the pendency of the collective action") (emphasis added). The "fairly lenient standard" for conditional certification, which is typically supported only by "the pleadings and any affidavits," means that plaintiffs often file these motions before any discovery has occurred. *Hughes*, 2013 WL 11816857, at *2.[4]

Moreover, the requirement under Local Rule 26.1 that in "the typical case" motions for certification should be filed within 90 days of the Rule 26 conference also applies to motions for conditional certification. "[T]here is no reason that conditional certification of FLSA class actions. . . could not [also] be accomplished within ninety days." *Osborne v. Prudential Ins. Co. of Am.*, No. 10-2465, 2010 WL 4103680, at *2, n.1 (C.D. Cal. Oct. 14, 2010) (concluding that motions to

---

[4] If the Court denies Centene's instant Motion and permits Plaintiffs to move for conditional certification after the deadline, Centene reserves the right to present argument that a more stringent standard applies. *See, e.g., Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

certify FLSA collective actions are a type of class action and thus must be filed within 90 days under local rule 23); *Los Angeles Cty. Prof'l Peace Officers Ass'n v. Cty. of Los Angeles*, No. CV085057JFWVBKX, 2008 WL 11340318, at *2 (C.D. Cal. Dec. 23, 2008) (striking FLSA collective allegations because of failure to comply with deadline for filing motions for class certification under local rule 23).

Here, the Parties unequivocally agreed in writing that the deadline for Plaintiffs to file a motion for conditional certification of her proposed FLSA collective action was January 7, 2022. *See* Dkt. 9, p. 4 ¶ 13. The law is well-established that parties are bound to their written agreements. *See United States v. Olivares,* 843 F.3d 752, 757 (8th Cir. 2016); L.R. 7.4 (indicating the Court will recognize written agreement between counsel). The Court did not change the Parties' stipulated deadline, Plaintiffs have not requested an extension of the deadline to which they agreed, and the deadline has expired. Therefore, the Court should enter an order dismissing Plaintiffs' claim asserting a purported collective action. *See, e.g., Vanhorn v. Tasneem Enter.*, No. 4:13cv722, 2015 WL 128173, at *2 (E.D. Ark. Jan. 8, 2015) (granting summary judgment on plaintiff's collective action claim where the plaintiff failed to timely move for conditional certification, noting "[t]ypically, after filing a collective action complaint under the FLSA, an employee would file a motion for conditional certification"). *See also Lopez v. Regis Corp.*, No. CV 08-8221 RGK (CWX), 2010 WL 11520229, at *2 (C.D. Cal. Feb. 8, 2010) ("Because Plaintiffs failed to comply with Local Rule 23-3's ninety-day time limit, the Court denies Plaintiffs' Motion for Conditional Certification on this basis alone.").

While adequacy is not a formal requirement for conditional certification under the FLSA, the lack of Plaintiffs' and their counsel's diligence in timely moving for notice to the putative collective, blowing past both the Court's default deadline and the extended date agreed to by the

Parties shows that Plaintiffs have abandoned the putative collective claim in this case. *See, e.g., Rattray v. Woodbury Cty.*, 253 F.R.D. 444, 456 (N.D. Iowa 2008) (denying class certification in part, because the court has "doubts" that named plaintiff had a desire to adequately represent class "because her motion for class certification is tardy … the … delay … is even more disturbing, because counsel with any experience litigating class actions could reasonably be expected to assess pertinent evidence and to file a motion to certify a class in much less than six months after filing a class claim"). Here, more than eight months have passed since Plaintiffs filed their purported Collective Action Complaint and the agreed deadline to move for conditional certification has passed, indicating Plaintiffs lack adequate desire to pursue a representative action.

Plaintiffs not only failed to meet the deadline they agreed to for their motion for conditional certification, but they have also failed to file their motion promptly as required by this Court's rules, showing a lack of diligence in pursuing a collective action. Accordingly, the Court should deny conditional certification under the FLSA and dismiss Plaintiffs' collective action claim.

## IV.    CONCLUSION

Defendants Centene Management Company and Centene Corporation respectfully request that the Court grant their Motion in its entirety and enter an Order denying conditional certification and dismissing the FLSA collective action claim (Second Claim for Relief) from the Collective Action Complaint (Dkt. 1) pursuant to Rule 12(c).

Eva C. Madison (98183)
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR  72701
Telephone:  479.582.6100
emadison@littler.com

Attorneys for Defendants
Centene Management Company and Centene
Corporation

4886-9343-0281.3 / 095402-1020