IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA**                                                                                           **PLAINTIFFS**
**LAMBERT, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                          No. 4:21-cv-429-JM

**CENTENE MANAGEMENT COMPANY, LLC,**                                **DEFENDANTS**
**and CENTENE CORPORATION**

**<u>RESPONSE TO DEFENDANTS' MOTION TO DENY CONDITIONAL CERTIFICATION</u>**
**<u>AND DISMISS FLSA COLLECTIVE CLAIMS</u>**

### I.    INTRODUCTION

Plaintiffs have missed no deadline to file a motion to certify a collective under 29 U.S.C. § 216(b). Defendants' specious arguments depend on asserting a non-existent power for parties to set deadlines in cases before a federal court and on the conflation of class and collective actions, which are in fact fundamentally different and governed by different principles. Plaintiffs have been working toward filing an appropriate motion for certification, with necessary preliminary work evidenced by the concurrently filed motion for leave to amend their complaint. Plaintiffs anticipate moving for certification promptly after amending their complaint but ask the Court to set a clear deadline to move for conditional certification if it wishes a deadline other than the motions deadline to apply.

### II.    ARGUMENT

**A. The Court's Scheduling Order Controls, Not the 26(f) Report.**

Defendants ignore the principle that once entered, a federal court's scheduling

Page 1 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

order controls the deadlines in an action. "The Court's pretrial scheduling order controls the course of an action unless modified," and such as scheduling order can only be modified "for good cause and with the judge's consent." *Edwards v. Thomas*, Case No. 4:19-cv-4018, 2021 U.S. Dist. LEXIS 207393, at *5 (W.D. Ark. Jan. 5, 2021) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); Fed. R. Civ. P. 16(b)(4)). Thus, parties cannot stipulate to case deadlines but instead are bound by the deadlines put forth by the court. "[Scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, *and not in counsel*, so that this end may be achieved." *Kramer v. Boeing Co.*, 126 F.R.D. 690, 697 (D. Kan. 1989) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988)) (emphasis added).

Contrary to Defendants' framing, the parties do not "stipulate" to deadlines in a 26(f) report. The parties' report under Fed. R. Civ. P. 26(f) and Local Rule 26.1 includes "proposed" deadlines, and the court is free to follow or reject these suggestions. *See* Local Rule 26.1(10)–(13) (directing parties to include various "proposed deadline[s]" in their report under Rule 26(f)). "[R]egardless of what was in the parties' Rule 26 report, the Court is not obligated to adopt any deadlines suggested by the parties." *Parker v. Esper*, Case No. 3:19cv126-MCR-HTC, 2019 U.S. Dist. LEXIS 240243, at *4 (N.D. Fla. Dec. 9, 2019); *see also, e.g.*, Text Entry Only Order, *Smith v. Premier Environmental Services, Inc.*, No. 4:21-cv-00232-DPM (E.D. Ark. June 22, 2021), ECF No. 11 (noting the parties' joint 26(f) report and stating that the court will "adopt the parties' pleading amendment deadline, but otherwise prefers its deadlines"). Accordingly, the proposed deadlines in

Page 2 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

such a report have no relevance once the court has considered them and entered a scheduling order.

In this action, the Court exercised its freedom to reject the parties' proposed deadlines. *Compare, e.g.*, Joint Rule 26(f) Report, ECF No. 9 (proposing an amendment deadline of October 15, 2021) *with* Final Scheduling Order, ECF No. 14 (setting amendment deadline at September 9, 2022). The Court's deadlines now control the course of the action, and the parties cannot "stipulate" to different deadlines. Thus, Plaintiffs are relying on the scheduling order for the deadline to move for conditional certification.

The most straightforward reading of the Final Scheduling Order puts the deadline to move for certification at November 3, 2022, the default deadline for all motions besides motions in limine. It is also possible to argue that any motion for certification should be filed by September 9, 2022, the deadline to move to add parties, since the effect of conditional certification is to send notice to those who may join as parties by filing a written consent to join. *See* 29 U.S.C. § 216(b); *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013). Either way, the deadline is months away.

The parties cannot "stipulate" to a deadline, but only offer proposals to the court. This Court's scheduling orders control this action, and as more fully explained in the final section below, Plaintiffs are preparing to move for conditional certification long before any applicable deadline.

**B. Local Rule 23.1 Does Not Apply to This Action.**

The Local Rules dealing with class actions (Rules 23.1 and 26.1(13)) do not alter the above analysis above because they simply don't apply. This action is not a class

Page 3 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

action; it is a collective action under the FLSA, and the two types of actions are fundamentally different. *Cameron-Grant v. Maxim Healthcare Servs.*,347 F.3d 1240, 1249 (11th Cir. 2003) ("[section] 216(b) is a fundamentally different creature than the Rule 23 class action.")

Class actions are governed by Fed. R. Civ. P. 23, which directs the court to determine "[a]t an early practicable time" whether to certify a class. Fed. R. Civ. P. 23 (c)(1)(A). Some courts have implemented this requirement through local rules that suggest or require class motions to be filed within a limited timeframe. *See, e.g.*, N.D. Fla. Loc. R. 23.1 (requiring class proponent to file class certification motion within 90 days of pleading asserting class claim unless the court alters the deadline by order); N.D. & S.D. Iowa Civ. R. 23(a) (setting deadline to move for class certification at 180 days after the action is commenced); E.D. La. Civ. R. 23.1(B) (requiring plaintiff to move for class certification within 91 days of complaint or removal unless court extends deadline for good cause).

Such rules apply to class actions but *not* to collective actions. *See Bancroft v. 217 Bourbon, LLC*, CIVIL ACTION NO. 21-545 SECTION M(1), 2021 U.S. Dist. LEXIS 250340, at *6–7 (E.D. La. Jan. 13, 2021) (collecting cases); *Clark v. Wells Fargo Fin., Inc.*, 1:08CV343, 2008 U.S. Dist. LEXIS 89397, at *27 n.8 (M.D.N.C. Oct. 30, 2008) ("As Plaintiffs note in their brief, the 90-day deadline for class certification under this court's Local Rule 23.1 does not apply to the motion for certification of a collective action under section 216(b) of the FLSA. Rather, it applies only to Plaintiffs' purported class action brought pursuant to Rule 23.").

The two cases Defendants cite for the proposition that such rules apply in collective

Page 4 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

actions are unpersuasive. These cases represent the view of a single judge in California, by far the minority opinion among jurisdictions where this issue arises. *See Hill v. Johnny's Pizza House, Inc.*, CIVIL ACTION NO. 15-1062, 2015 U.S. Dist. LEXIS 125271, at *2–5 (W.D. La. Sept. 18, 2015) (collecting cases and specifically declining to follow the "outlier decision" in *Osborne*). Moreover, the reasoning in these cases, flawed from the beginning, has been even more severely undermined by subsequent case law. The judge in these two cases reasoned that FLSA collectives are a "type of class action" and "must . . . be certified" to exist. *Los Angeles Cty. Prof. Peace Officers Ass'n v. Cty. of Los Angeles*, No. CV085057JFWVBKX, 2008 WL 11340318, at *2 (C.D. Cal. Dec. 23, 2008). On the contrary, section 216 of 29 U.S.C. gives employees "a 'right' to bring or join a collective action, and may create the collective action of their own accord by filing opt-in forms." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101–02 (9th Cir. 2018). Conditional certification does not actually create a class, join parties to an action, or determine eligibility; and certification by a court is "neither necessary nor sufficient" to create a collective action under the FLSA. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010). Instead, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

Further, while some local rules actually mandate a particular class motion deadline, the Eastern District of Arkansas's local rule only suggests a typical deadline. *Compare* Local Rule 26.1(13) *with* N.D. Ga. Civ. R. 23.1(B) (requiring plaintiff to move for class certification within 90 days of filing complaint unless the court extends the time for good cause). In Arkansas, the binding deadline must actually be set in the Final Scheduling

Page 5 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

Order to be binding, and only when a party misses the deadline *set in the Final Scheduling Order* are the class claims deemed abandoned. Local Rule 23.1.

Plaintiffs note that the Joint 26(f) Report included a proposed deadline to move for "class" certification, and that the parties did intend to propose this deadline as the deadline to move for conditional certification, as evidenced by the proposed extension for Defendants' time to respond to a conditional certification motion. However, the Court did not adopt this deadline, and Plaintiffs have been proceeding based on the Final Scheduling Order. The parties' use of the terms "class" and "collective" in the 26(f) report has led to some confusion here, but this slippage is totally insufficient to make otherwise inapplicable rules applicable to a non-class action.

### C. Plaintiffs' Diligence and Lack of Prejudice to Defendants

Defendants will not be in any way prejudiced by a future motion for conditional certification, and Plaintiffs have been working diligently to prepare a motion for collective certification. The discovery deadline is not until October 11, 2022, leaving Defendants ample time to conduct discovery. Nor, despite Defendants' protestations, can it possibly make a substantial difference to Defendants to wait a few weeks longer to nail down the "scope" of the case. Defendants have obviously not been in a hurry to get the conditional certification answer as soon as possible on a scale of weeks, since Defendants asked for and received an agreement in the 26(f) report that Defendants will have 28 days rather than the default 14 days to respond to a motion for certification, subject to court approval. (Incidentally, in explicitly making the extension subject to court approval, Defendants recognized that the parties cannot bind themselves to deadlines in this section of the 26(f) report.)

Page 6 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

Further, Plaintiffs have not been dragging their feet or sitting idly. Instead, Plaintiffs have been conducting an internal investigation into the appropriate scope of the collective and are contemporaneously filing a motion for leave to amend the complaint, adding additional named plaintiffs and more precisely outlining the proposed collective. If the Court grants the motion for leave, Plaintiffs intend to file a motion for conditional certification as soon as Defendants have answered the amended complaint, or before, if the Court prefers to set a deadline for a certification motion that falls before the answer. Plaintiffs have been relying on the Final Scheduling Order to control this litigation. If the Court wishes a deadline other than the motions deadline to apply to a motion for conditional certification, though, Plaintiffs ask the Court to set that deadline now for the sake of clarity.

### III.   CONCLUSION

The "deadlines" that Defendants assert have passed are not applicable to this action, having been superseded by the Final Scheduling Order, or never having applied at all. Plaintiffs are diligently working toward filing a motion for certification and have not missed any deadline to do so. Therefore, Defendants' Motion to Dismiss should be denied in its entirety.

Page 7 of 8
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Response to Defendants' Motion to Deny Conditional Certification
and to Dismiss FLSA Claims

        Respectfully submitted,

        **LAERTHA BANKS and ARIA LAMBERT,**
        **Individually and on Behalf of All Others**
        **Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Daniel Ford
        Ark. Bar No. 2014162
        daniel@sanfordlawfirm.com

        */s/ Josh Sanford*
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**Page 8 of 8**
**Laeartha Banks, et al. v. Centene Management Company, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM**
**Response to Defendants' Motion to Deny Conditional Certification**
**and to Dismiss FLSA Claims**