IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| LAEARTHA BANKS, and ARIA LAMBERT, Each Individually and on Behalf of All Others Similarly Situated; | PLAINTIFFS |
| vs.  Case No. 4:21-cv-00429-JM | |
| CENTENE MANAGEMENT COMPANY LLC, and CENTENE CORPORATION | DEFENDANTS |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO
FILE FIRST AMENDED AND SUBSTITUTED COMPLAINT**

**I.      INTRODUCTION**

Centene Management Company and Centene Corporation (collectively, "Centene") file this response to Plaintiffs' Motion for Leave to File First Amended and Substituted Complaint (Docs. 21 and 21-1) because the Motion seeks to revive and expand an untimely FLSA collective action after Plaintiffs missed the deadline to move for certification. Plaintiffs' Motion falls short by every possible measure – it is untimely due to Plaintiffs' lack of diligence, the proposed amendment would be futile, and it would prejudice Centene.

This action has been pending for over eight months and Plaintiffs now move to amend and substitute their Complaint only *after* Centene filed its Motion to Deny Conditional Certification and Dismiss FLSA Collective Claim Pursuant to Fed. R. Civ. P. 12(c) ("Motion to Deny Certification and Dismiss") (Docs. 15 and 16). Plaintiffs' Motion to Amend and Substitute their Complaint attempts to avoid the consequences of missing the deadline to move for certification of a collective claim, which is the subject of Centene's Motion. Plaintiffs' Motion is thus futile because they cannot certify a collective claim at this late stage in the case.

Plaintiffs' Motion is also untimely because they did not request amendment "as soon as practicable," as required by this Court's Final Scheduling Order. As demonstrated by the opt-in consent forms filed by Plaintiffs' counsel in September and November 2021 for Taiwan Dickerson ("Dickerson") and Kim King-Macon ("Macon"), Plaintiffs' counsel has had all information on which their untimely Motion for Leave to Amend and Substitute is based – which is adding Dickerson and Macon as parties and asserting their unique claims – for *five months*.

Finally, Plaintiffs' Motion improperly seeks to dramatically increase the scope of this action by asserting new and different claims on behalf of a new and different FLSA collective. While the original Complaint alleges only that Centene used the wrong regular rate when calculating overtime for employees who were paid bonuses, the proposed Amended Complaint adds a completely unrelated claim that Centene did not pay Care Coordinators for time they allegedly worked off-the-clock when they were traveling and working remotely. The original Plaintiffs are not asserting these claims – rather, these are the claims of the proposed additional named plaintiffs Dickerson and Macon.

Plaintiffs make no showing that they moved to amend "as soon as practicable" or had "good cause" for delay—the correct legal standard that Plaintiffs' Motion does not address. The proposed amendment is also futile and would prejudice Centene. Centene respectfully requests that the Court enter an order denying Plaintiffs' untimely and unsupported Motion to Amend and Substitute Complaint (Doc. 21).

## II.   RELEVANT PROCEDURAL HISTORY

On May 18, 2021, Plaintiff Laertha Banks ("Banks"), a former Utilization Management Specialist – Behavioral Health, and Plaintiff Aria Lambert ("Lambert"), a former Concurrent Review Nurse, both of whom worked at Centene Management Company's Little Rock location (collectively, "Plaintiffs"), filed this putative collective action. *See* Doc. 1; Doc. 5 ¶¶ 22-25. In

their Original Complaint, Plaintiffs asserted that Centene violated the FLSA and the Arkansas Minimum Wage Act (AMWA) based on their *narrow theory* that Centene paid overtime for hours worked over 40 per week, but allegedly failed to include nondiscretionary bonuses in the regular rate when calculating overtime. Doc. 1 ¶¶34-35. Plaintiffs purported to represent all hourly employees nationwide who received a bonus during at least one week in which they also received overtime. On June 11, 2021, Centene filed its Answer denying that it had violated the FLSA and further answering that it "den[ies] any claim or implication…that this action may be…appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs." Doc. 5, p.1 ¶1.

On July 20, 2021, the Court issued an Initial Scheduling Order (Doc. 8), and on September 3, 2021, the parties filed their Joint Report pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1 (Doc. 9). In their Joint Report, the parties agreed that Plaintiffs would file any motion for class certification by January 7, 2022 (*id.* at 4). On **November 30, 2021**, the Court entered its Final Scheduling Order (Doc. 14). While the Court's Final Scheduling Order is silent on the parties' agreed deadline for a motion for certification,[1] the Order stated that the deadline "for seeking to add additional parties and amend pleadings shall be *as soon as practicable*, but in any event, no later than September 9, 2022." Doc. 14, p. 1 ¶2 (partial emphasis added). Also, in **September and**

---

[1] Because the Final Scheduling Order is silent as to the deadline to move for collective certification, the controlling deadline is the 90-day default under Local Rule 26.1 and/or the deadline in the Joint Report filed with this Court. *See* Doc. 16. Certainly, it is true, as Plaintiffs have argued, that the Court was under no obligation to adopt the deadlines proposed by the parties (*see* Doc. 20, pp. 2-30), but when the Court did not set a different deadline to move for conditional certification, it left undisturbed the deadline submitted in the Parties' filed Joint Report and Plaintiffs could not reasonably assume that it relieved them of having any deadline at all. Moreover, the Court should reject Plaintiffs' absurd argument that they may properly move for conditional certification as late as the dispositive motion deadline, thus sending notice of opportunity to join the lawsuit and permitting opt-in plaintiffs to join *after* the discovery deadline. *See* Doc. 20, p.3.

**November 2021**, Plaintiffs' counsel filed Notices of Consent to Join on behalf of their new clients and opt-in plaintiffs Dickerson and Macon. *See* Docs. 10, 11. No other opt-in plaintiffs have joined this action.

On **January 31, 2022** Centene filed its Motion to Deny Conditional Certification, requesting that the Court enter an order denying certification of a collective and dismissing the Fair Labor Standards Act (FLSA) collective claim (Second Claim for Relief, Compl. Doc. 1) asserted by Named Plaintiffs Banks and Lambert. *See* Doc. 16. Centene demonstrated in its Motion that Plaintiffs had failed to move for certification by the deadline agreed on by the parties in their Joint Rule 26(f) Report, which the parties jointly submitted pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1 ("Joint Report") (Doc. 9, p. 4 ¶ 13, setting January 7, 2022 as the agreed deadline to move for certification). *See* Docs. 15 and 16. Centene also demonstrated that Plaintiffs had failed to meet the default 90-day deadline under Local Rule 26.1(13) ("In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference."). *See* Doc. 16.

On **February 14, 2022**, Plaintiffs moved for Leave to File First Amended and Substituted Complaint, requesting leave to add Dickerson and Macon as new additional named plaintiffs. *See* Docs. 21 and 21-1. Plaintiffs' Motion does not substantively describe their proposed amendments, but the amendments go far beyond "refining" their allegations. A comparison of Plaintiffs' Original Complaint (Doc. 1) and proposed Amended and Substituted Complaint (Doc. 21-1) shows that Plaintiffs are not only seeking to revive the expired deadline to move for conditional certification (see Doc. 16) and add Dickerson and Macon as Named Plaintiffs, but Plaintiffs also seek to add a fundamentally different claim on behalf of an entirely new group of individuals. *See* **Exhibit 1**.

**Exhibit 1,** filed herewith, is a redline comparison of Plaintiffs' Original Complaint and proposed Amended and Substituted Complaint showing that Plaintiffs in their Motion to Amend and Substitute seek to:

- Re-assert the original collective claim asserted by Banks and Lambert – Centene allegedly failed to include nondiscretionary bonuses in the overtime calculation – which is the subject of Centene's Motion to Deny Certification and Dismiss (Doc. 16) pending for the Court's determination. *See* Doc. 21-1.

- Add 35 new paragraphs and five additional pages of allegations to their Complaint. *See id.*

- Add Dickerson and Macon as new, additional Named Plaintiffs. *See id.*

- Assert a new collective claim on behalf of a ***new*** group defined as "All Care Coordinators who worked over forty hours in a week within the past three years." *Id.*, ¶66. Plaintiffs Banks and Lambert do not belong to this collective, as they were employed as a Utilization Management Specialist and a Concurrent Review Nurse, respectively.

- Add a ***new*** claim that Centene violated the AMWA and FLSA because it failed to pay overtime to Dickerson, Macon, and other Care Coordinators for alleged off-the-clock work they performed outside regular business hours, including traveling to client locations, and entering information into Centene's system and care plans. Doc. 21-1, ¶¶45-62 & Third Claim for Relief.

### III. LEGAL STANDARD FOR PLAINTIFFS' MOTION TO AMEND AND SUBSTITUTE COMPLAINT AND ADD PARTIES

Plaintiffs misstate in their Motion that the legal standard for evaluating a motion to amend and add parties is Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." *See* Doc. 21. Notwithstanding the liberal standard of Rule 15(a), a court may deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). District courts have broad discretion in ruling on a motion for leave to amend a complaint. *See Sweat v. City of Fort Smith, Ark.*, 265 F.3d 692, 698-99 (8th Cir. 2001) (affirming trial court order denying plaintiffs' motion for leave to amend complaint to add additional named

plaintiffs and adding new claims that "would have required a new set of facts," where plaintiffs "offer[ed] no reason for not seeking" to amend sooner).

Once a district court issues a final scheduling order, as the Court has done here, the order controls the deadlines for amendment or addition of parties, and a motion to amend or add parties outside the ordered deadline should be granted only for "good cause." Fed. R. Civ. P. 16(b). Eighth Circuit precedent establishes that, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (*citing Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Accordingly, a district court, despite the standard of Rule 15(a) does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b) to amend the pleadings after the deadline set in the scheduling order.[2]

Here, the Court's Final Scheduling Order orders that the deadline to add parties and amend pleadings "**shall be as soon as practicable**, but in any event, no later than September 9, 2022." Doc. 14, p. 1 ¶2 (partial emphasis added). Courts in the Eighth Circuit agree that "as soon as practicable" means "**within a reasonable time in light of the circumstances**." *Weitz Co., LLC v. Lexington Ins. Co.*, 982 F.Supp.2d 975, 1000 (S.D. Iowa 2013), *aff'd*, 786 F.3d 641 (8th Cir. 2015) (citations omitted, emphasis added); *see also, e.g., Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (interpreting Fed. R. Civ. P. 23's "early practicable time" requirement and holding district court was "well within its discretion" to strike class allegations where plaintiffs had no credible excuse for their failure to move for class certification, or seek an extension, *before* the

---

[2] Technically, Fed. R. Civ. P. 21 applies when considering a motion to add parties because Centene has filed its Answer. However, the showing necessary to join a party to the suit is the same as that required to obtain leave to amend complaint. *See* Fed. R. Civ. P. 15(a), 16(b) and 21.

deadline). A "reasonable time in light of the circumstances" aligns with the requirement under Rule 16(b) that there must be a showing of good cause and diligence on the part of the moving party.

Plaintiffs do not meet any of these standards. Their five-month delay in moving to amend their Complaint is not "as soon as practicable," and they have not shown any cause or diligence for this delay. They have missed the deadline to move for conditional certification under the FLSA – not only has the deadline actually expired, but as a practical matter, this could not be accomplished in the time remaining in the case schedule, so the proposed amendment is futile. And, Plaintiffs' proposal to expand the case at this late stage to a completely new group of individuals asserting an entirely new claim based on different facts is the definition of undue prejudice.

### IV. PLAINTIFFS FAIL TO ESTABLISH THAT THEY HAVE MOVED TO AMEND "AS SOON AS PRACTICABLE" OR THAT GOOD CAUSE EXISTS FOR MODIFYING THE COURT'S SCHEDULING ORDER.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) (*citing Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "The 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Scheidecker v. Arvig Enterprises*, 193 F.R.D. 630, 631-32 (D. Minn. 2000) (citation omitted). "Consequently, a party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Fair Isaac Corp. v. Experian Info. Sols.*, 2009 WL 10677527, at *12 (D. Minn. Feb. 9, 2009). The "failure to recognize the need for amended claims at an earlier date [does] not constitute good cause to excuse the untimeliness of [a] motion to amend." *Schenk v. Chavis*, 259 Fed. Appx. 905, 907 (8th Cir. 2008).

Here, Plaintiffs in their Motion do not try to meet their burden of proving they moved "as soon as practicable" or there is "good cause" for amendment as required by the Court's Final Scheduling Order and Rule 16(b). Plaintiffs do not claim that despite their diligence they could not have brought their Motion earlier – to the contrary – Plaintiffs seek to file their untimely and drastic amendments only in response to Centene's Motion to Deny Conditional Certification and Dismiss FLSA Collective Claim. Plaintiffs and their counsel have indisputably been in contact with Care Coordinators Dickerson and Macon since at least September and November 2021, respectively, when they filed their consents to join this action.

Plaintiffs fail to explain why they suddenly seek leave to amend their Complaint – on the heels of Centene's Motion to Deny Certification and Dismiss – ***five months after they discovered these new alleged claims***. *See generally* Doc. 21. While Plaintiffs argue in their opposition to Centene's pending Motion to Deny Certification and Dismiss that they have not been "dragging their feet or sitting idly" but instead have been conducting an internal investigation into the appropriate scope of the collective (Doc. 20, p. 7), they fail to explain why they waited five months after having the necessary information to move to amend. Under the circumstances, Plaintiffs' untimely Motion to Amend and Substitute their Complaint must be denied. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"); *accord, Fair Isaac Corp*, 2009 WL 10677527, at *13 (rejecting parties' excuse they "did not immediately file the motion for leave to amend upon the discovery" of the evidence underlying their amendment "because they were diligently attempting to collect the details" of agreements, where agreements were in the parties' possession five months before they moved to amend); *Decastro v. City of N.Y.*, 2020 WL 4932778,

at *33-34 (S.D.N.Y. Aug. 24, 2020) (finding plaintiff failed to establish good cause for motion to amend and add new named plaintiffs, explaining "Plaintiffs' motion for leave to amend the complaint—to add…a named plaintiff and proposed class representative for a new group of plaintiffs asserting claims based on violations of a different statutory provision, one they have known about since the inception of this case—is denied").

### V. PLAINTIFFS' MOTION ALSO FAILS BECAUSE PLAINTIFFS HAVE UNDULY DELAYED IN SEEKING LEAVE TO AMEND, AND THE PROPOSED AMENDMENT WOULD BE FUTILE AND/OR UNDULY PREJUDICIAL.

Even if Plaintiffs demonstrate "good cause" under Rule 16(b) (which they have not attempted), they must further establish that the proposed amendment is permissible under the factors relevant to Rule 15. As shown above, Plaintiffs have not acted diligently in moving to amend and for the same reasons, Plaintiffs have unduly delayed seeking leave to amend. The Court should exercise its discretion and deny Plaintiffs' Motion because Plaintiffs' proposed amendment is also futile and would unduly prejudice Centene.

#### A. Plaintiffs' Proposed Amendment is Futile.

Plaintiffs' proposed amendment is futile because Plaintiffs have missed the deadline to move to certify a collective action in this case (*see* Doc. 16). The parties agreed to a January 7, 2022 deadline in their Rule 26 conference and Joint Report. *See* Local Rule 7.4 (providing the Court may recognize counsel's agreement they have reduced to writing); *United States v. Olivares*, 843 F.3d 752, 757 (8th Cir. 2016) (holding "[n]ormally a party is bound by his stipulations as a stipulation . . . is akin to a contract" [citations omitted]). The whole purpose of the Rule 26 conference is for the parties to make agreements for planning the litigation. If the parties' agreements in the Rule 26 report could not be relied upon as stipulations, then the process would be meaningless.

Further, federal courts in Arkansas have enforced the 90-day deadline established by Local Rule 26.1(13), which requires a motion for class certification to be brought early in the case. *See, e.g., Price v. USAA Cas. Ins. Co.*, No. 2:10-cv-02152, 2012 WL 2847916 (W.D. Ark. Jul. 11, 2012) (Holmes, III, C.J.); *Joshlin v. Gannett River States Publ'g Corp.*, 152 F.R.D. 577, 578-79 (E.D. Ark. 1993) (denying plaintiffs' motion for class certification where they did not meet the local rule requirement of moving to certify the class within 90 days)[3]; *Reasonover v. St. Louis Cnty., Mo.,* 447 F.3d 569, 579 (8th Cir. 2006) (holding "District courts have broad discretion to set filing deadlines and enforce local rules"). *See also, generally*, *Vanhorn v. Tasneem Enter.*, No. 4:13cv722, 2015 WL 128173, at *2 (E.D. Ark. Jan. 8, 2015) (granting summary judgment on plaintiff's collective action claim where the plaintiff failed to timely move for conditional certification, noting "[t]ypically, after filing a collective action complaint under the FLSA, an employee would file a motion for conditional certification"). Federal courts outside of Arkansas have similarly enforced local rules establishing deadlines for class certification and dismissed class claims where plaintiffs failed to meet the deadline.[4] This case is no different. Plaintiffs' proposed

---

[3] The *Joshlin* decision focused on former Local Rule 24, which no longer exists in the Local Rules. *See id.*, 152 F.R.D. at 578-79. However, language similar to the language in former Local Rule 24 is now codified in Local Rules 23.1(3) and 26.1(13).

[4] *See, e.g., Johnson v. Schwarzenegger*, 476 F. App'x 349, 350 (9th Cir. 2012) (unpublished) (upholding district court's enforcement of local rule requiring certification motion within 90 days); *Gordon v. Biden*, 364 F. App'x 651, 652 (D.C. Cir. 2010) (unpublished) (affirming district court's dismissal of complaint for lack of standing where plaintiff bringing class action complaint "could not proceed as a representative of a class because he did not file a class certification motion within 90 days of filing his complaint, as required by [the] Local Civil Rule"); *Gonzalez v. Asset Acceptance, LLC,* 308 F. App'x 429, 430 (11th Cir. 2009) (unpublished) (affirming district court's denial of motion for certification that was filed outside 90-day deadline set by local rule); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 214 (3d Cir. 2009) (concluding, "we are convinced that the District court did not abuse its discretion in denying a motion for class action determination which was untimely under the local rule"); *Rocha v. Yoshinoya W., Inc.,* 2007 WL 8398819, at *6 (C.D. Cal. Jan. 8, 2007) (striking allegations was proper when plaintiffs failed to move for class certification by deadline mandated by local rule); *Kubany v. Sch. Bd. of Pinellas Cty*, 149 F.R.D. 664, 666 (M.D. Fla. 1993) (granting motion to strike class allegations in part due to plaintiff's

amendment to add a new collective claim is futile, as the deadline to certify a collective action has expired. *See* Doc. 16.

Plaintiffs' position that the 90-day deadline does not apply to FLSA collective actions is illogical. Early filing of a motion for conditional certification is even more critical in an FLSA collective action because it is a request to send notice and invite individuals to join the case as party plaintiffs. Those opt-in plaintiffs (unlike the typical absent class members in a Rule 23 class action) are then subject to discovery. The FLSA conditional certification briefing and notice process would take at least four months and, in many cases, it takes much longer than that. For example, in a case Plaintiffs' counsel brought in this District (also asserting off-the-clock claims on behalf of Care Coordinators against Centene), the time between filing of their motion for conditional certification at the beginning of the case on October 16, 2018 and the deadline for opt-in plaintiffs to join the case on July 11, 2019 was **nine months**. *See Hatch v. Ark. Total Care, Inc. et al.*, Case No. 4:18-cv-00580-JM (E.D. Ark.). Applying that same timeframe to this case, and assuming Plaintiffs filed their motion for conditional certification tomorrow, the parties would know the identities of the opt-in plaintiffs *after* the discovery cutoff and less than two months before trial. All of this demonstrates that even if Plaintiffs did not miss the deadline to move for conditional certification (which they did), it is too late for them to make such a motion now.

### B.    Plaintiffs' Proposed Amendment Would Unduly Prejudice Centene.

The Court should also deny Plaintiffs' Motion because the proposed amendment would unduly prejudice Centene. *See Sanders*, 823 F.2d at 216. Plaintiffs baldly claim that their proposed

---

failure to file motion for class certification within 90 days as required by local rule); *Coffin v. Sec'y of Health, Ed. & Welfare*, 400 F. Supp. 953, 956-57 & n.19 (D.D.C. 1975) (denying motion for certification where plaintiff missed the 90-day deadline imposed by local rule, rejecting as "unconvincing" plaintiff's explanation that the procedural posture of the case hindered his compliance with the local rule).

amendment "would not unfairly prejudice Defendant" *id.* Doc 21 p. 1 ¶4; however, the amendment would clearly prejudice Centene as it seeks to explode this case into a new nationwide putative collective action based on new claims on behalf of a new group of individuals, and thus will require entirely new investigation, discovery, motion practice, conferences, disclosures, and litigation planning. Centene is far along in the process of litigating this case based on the claims that were asserted – indeed, Centene had requested to schedule Plaintiffs' depositions for early March ***before*** they filed their Motion.

The requirement in the Court's Final Scheduling Order that amendments be filed "as soon as practicable," and the 90-day deadline under Local Rule 26.1(13) (which has expired in this case) serve similar, important public policies, as "defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984) (affirming district court's denial of plaintiffs' untimely motion for class certification). Indeed, "[f]undamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages." *Id.* at 1412. In addition, rules regarding the timely filing of class certification motions "foster the interests of judicial efficiency, as well as the interests of the parties, by encouraging courts to proceed to the merits of a controversy as soon as practicable" and similarly apply to the consideration of Plaintiffs' proposed amendment, which seems to assert an entirely new collective claim. *Id.*; *see also Walker v. Columbia Univ.*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973) (purpose of local rule's deadline for class certification motion is to "prevent the parties ... from impeding the course and progress of the

litigation by failing to move for a class action determination;" holding that the "public business of the court ... has been hampered and delayed" by plaintiffs' failure to timely file certification motion). Accordingly, the Court should also deny Plaintiffs' Motion to Amend and Substitute their Complaint because their proposed amendment would unduly prejudice Centene.

## VI. CONCLUSION

For the reasons stated herein, Centene respectfully requests that the Court deny Plaintiffs' Motion (Doc. 21).

    Eva C. Madison (98183)
    Littler Mendelson, P.C.
    217 E. Dickson St., Suite 204
    Fayetteville, Arkansas 72701
    Telephone: 479.582.6100
    emadison@littler.com

    Breanne Sheetz Martell
    *(Admitted pro hac vice)*
    Littler Mendelson, P.C.
    One Union Square, 600 University St.
    Suite 3200
    Seattle, WA 98101
    Telephone: 206.623.3300
    bmartell@littler.com

    Brian Rho (*Admitted pro hac vice*)
    Littler Mendelson, P.C.
    One Union Square, 600 University St.
    Suite 3200
    Seattle, WA 98101
    Telephone: 206.623.3300
    brho@littler.com

    Attorneys for Defendants