IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA**            **PLAINTIFFS**
**LAMBERT, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.            No. 4:21-cv-429-JM

**CENTENE MANAGEMENT COMPANY, LLC,**            **DEFENDANTS**
**and CENTENE CORPORATION**

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

This Court should grant leave for Plaintiffs to file their First Amended and Substituted Complaint—Collective Action ("FAC"), as leave to amend should be granted freely absent futility, unduly prejudicial delay, or bad faith—none of which are present here.

Defendants' faulty arguments concerning non-applicable deadlines regarding Plaintiffs' motion for conditional certification are addressed by Plaintiffs' Response to Defendants' Motion to Deny Conditional Certification and Dismiss FLSA Collective Claims (ECF No. 20). Furthermore, such arguments are more appropriately determined by the Court in response to an actual Motion, and not in response to a potential Amended Complaint. As such, this Reply will focus on Defendants' remaining arguments concerning Plaintiffs' Motion for Leave to file their FAC, rather than why neither the "proposed" deadline that went unadopted by the Court in its Final Scheduling Order (ECF No. 14) nor

Page 1 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action

the Rule 23 *class* certification motion deadline suggested in Local Rule 26.1 are applicable to this case.

In the interest of judicial efficiency, Plaintiffs have properly moved, in accordance with the Court-imposed deadline for amendment, for leave to add opt-in Plaintiffs Taiwan Dickerson and Kim King-Macon and their claims. Defendants' Response fails to demonstrate the futility, prejudicial delay, or bad faith necessary to warrant denial of Plaintiffs' Motion for Leave. Accordingly, this Court should grant Plaintiffs' Motion.

**I.   Plaintiffs are not required to show "good cause" for amendment because Plaintiffs have sought leave to file their FAC well ahead of the Court-imposed deadline for amending pleadings or adding parties.**

Plaintiffs sought leave to file their FAC on February 14, 2022. *See* ECF No. 21. The Court's Final Scheduling Order set the deadline for adding parties or amending pleadings for September 9, 2022. *See* ECF No. 14. Defendants have failed to demonstrate that Rule 16 applies here because Plaintiffs have missed no deadline to trigger the higher standard of Rule 16.

Defendants, in their Response, take great lengths to ignore that the Court has set in its Final Scheduling Order the deadline for adding parties and amending pleadings as September 9, 2022. ECF No. 14. Defendants again conflate Rule 23 class actions with collective actions under Section 216(b) of the Fair Labor Standards Act.[1] Yet, even in the context of Rule 23 class actions, Defendants' cited authority demonstrates the flaw in their argument for application of Rule 16's higher standard: Defendants have not offered

---

[1] For a more detailed discussion of the distinction between Rule 23 class actions and FLSA collective actions, please see Plaintiffs' Response to Defendants' Motion to Deny Conditional Certification and to Dismiss FLSA Claims (ECF No. 20).

Page 2 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action

a single case that would support requiring Plaintiffs to meet Rule 16's higher standard to amend their pleadings prior to the deadline listed in the Court's scheduling order—let alone six months prior to the deadline.

In *Sweat v. City of Fort Smith*, the Eighth Circuit upheld the district court's decision to deny the plaintiffs' motion for leave to amend and add new plaintiffs when the new claims had been denied four years prior in the court's ruling on class certification, and the district court had already ruled on defendants' summary judgment motion, accepted the parties' settlement, and dismissed the case. 265 F.3d 692, 694–95 (8th Cir. 2001). Next, in *Grandson v. University of Minnesota*, the Eighth Circuit affirmed the district court's striking of the plaintiffs' class claims because the plaintiffs had failed to move for class certification before July 21, 1998 – the deadline set in the scheduling order—and could not show good cause for extending the expired deadline. 272 F.3d 568, 573–74 (8th Cir. 2001). Finally, in *Sherman v. Winco Fireworks, Inc.*, the Eighth Circuit applied Rule 16's "good-cause standard" when the defendant sought to amend its pleadings "more than seventeen months after the established scheduling deadline for amending pleadings." 532 F.3d 709, 716 (8th Cir. 2008).

Here, the Court has set September 9, 2022, as the deadline for adding parties or amending pleadings. *See* ECF No. 14. At the time Plaintiffs filed their Motion for Leave, this deadline was more than six months away. *See* ECF No. 21. Unlike in *Grandson* and *Sherman*, Plaintiffs here have missed no deadline to amend pleadings or add parties. Further, this case is readily distinguishable from *Sweat*, where the Eighth Circuit upheld the district court's decision to deny leave to add claims that (1) had already been disposed of in the court's ruling on class certification and (2) been brought after the court had

Page 3 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action

dismissed the case and nearly five years after the original case was brought. *Sweat*, 265 F.3d at 694–95. Because the Court-imposed deadline for adding parties or amending pleadings is still six months away in this case, Plaintiffs are not required to satisfy the requirements of Rule 16, but rather meet the lesser burden imposed by Rule 15. For the reasons set forth below, Plaintiffs have carried this burden.

> **II.  Allowing Plaintiffs leave to file their FAC is proper under Rule 15 because Plaintiffs' amendment would neither be futile nor result in undue prejudice to Defendants**.

Rule 15(a) states that "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[a]mendments [to pleadings] should be allowed with liberality." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). While there is "no absolute right to amend," a court may deny the motion for leave to amend "based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Id.* Defendants have failed to present a reason to deny Plaintiffs' request for leave.

Plaintiffs have sought leave to amend their pleadings "as soon as practicable." *See* ECF No. 14. In reliance upon the deadlines set in the Court's Final Scheduling Order, Plaintiffs have been diligently investigating the opt-in plaintiffs' claims and prepared and filed Plaintiffs' Motion for Leave to amend Plaintiffs' pleadings more than six months ahead of the deadline to amend pleadings. Despite Defendants' assertions, Plaintiffs' investigation and drafting began well in advance of Defendants' filing their Motion to Deny Conditional Certification.

Plaintiffs' proposed amendments will not prejudice Defendants. The discovery deadline is not until October 11, 2022, and the motions deadline is set for November 3,

Page 4 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action

2022. ECF No. 14. Defendants have ample time for any investigation, discovery, motion practice, conferences, disclosures, or litigation planning necessary regarding the claims alleged in Plaintiffs' FAC. While not conclusive, the fact that Plaintiffs' Motion for Leave was filed within the prescribed deadline strongly suggests that it is not unduly or unjustifiably delayed, but instead properly made within the scope of the agreed pleading schedule. District courts routinely grant leave to amend even when the leave was requested on the eve of the amendment deadline. In fact, district courts have granted leave to amend in order to add class allegations even after the deadline for amendment of pleadings has passed. *See, e.g.*, *Aquirre v. SBC Communs., Inc.*, No. H-05-3198, 2007 U.S. Dist. LEXIS 17259 (S.D. Tex. Mar. 12, 2007).

Finally, Defendants' entire argument that Plaintiffs' proposed amendments are futile rests on faulty assumptions made regarding non-existent deadlines in their Motion to Deny Conditional Certification. As stated previously, Plaintiffs' Response to that motion (ECF No. 20) details why Plaintiff has missed no deadline to file their motion for conditional certification; and therefore, Defendants' concerns about futility are without merit.

### III.    Conclusion

Defendants are again creating deadlines out of thin air. The applicable deadline for amending pleadings or adding parties is still six months away. Granting Plaintiffs leave to file their FAC would be neither futile nor unduly prejudicial to Defendants. Therefore, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave (ECF No. 21).

Page 5 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action

Respectfully submitted,

**LAERTHA BANKS and ARIA LAMBERT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 6 of 6
Laeartha Banks, et al. v. Centene Management Company, LLC
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-JM
Reply in Support of Motion for Leave to File First Amended
and Substituted Complaint—Collective Action