IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAEARTHA BANKS and ARIA LAMBERT,**  **PLAINTIFFS**
Each Individually and On Behalf of All
Others Similarly Situated

v.     Case No. 4:21-cv-429-DPM

**CENTENE MANAGEMENT COMPANY, LLC,**  **DEFENDANTS**
and **CENTENE CORPORATION**

## PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS

### I.     INTRODUCTION

This Court should exercise its discretion to deny Defendant's Bill of Costs. Plaintiffs Laeartha Banks and Aria Lambert ("Plaintiffs") brought good faith claims against Defendants under remedial statutes intended to protect workers from unfair and discriminatory employment conditions. It would frustrate the purposes of those statutes to burden Plaintiffs with onerous costs for protesting their employment conditions. In the alternative, if the Court decides to tax costs against Plaintiffs, the Court should examine Defendants' Bill of Costs and deny those costs that are unsupported by evidence and not taxable against the losing party.

### II.     LAW AND ARGUMENT

Under Rule 54(d) of the Federal Rules of Civil Procedure, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Lochridge v. Lindsey Mgmt. Co.,* 824 F.3d 780 (8th Cir. 2016) (quoting *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172-73 (2013)). The Eighth Circuit specifically takes a broad view and finds that Rule 54(d)'s grant of discretion alone permits a court to deny costs for any reason.

Page 1 of 4
Banks, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-DPM
Plaintiffs' Objection to Defendant's Bill of Costs

*See Greaser v. Dept. of Corrections*, 145 F.3d 979 (8th Cir. 1998); *Warren v. State Farm Fire & Cas. Co.*, 2008 U.S. Dist. LEXIS 66535 (E.D. Ark., Aug. 19, 2008). In *Greaser*, the Eighth Circuit upheld the district court's denial of costs to the prevailing defendant. *Greaser*, *supra*. There are many factors that a district court may take into account in deciding to deny costs under Rule 54(d)(1). These factors include: the losing party's limited financial resources; misconduct by the prevailing party; close and difficult legal issues presented; substantial benefit conferred to the public; the prevailing party's enormous financial resources; and the losing party's good faith in prosecuting the action. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 234 (1998)); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

The factors identified by the *Pacheco* court weigh strongly against taxing costs against Plaintiffs here. First, Plaintiffs did not file a frivolous lawsuit and there is no allegation that Plaintiffs brought their claims in bad faith. Aggrieved employees ought not be punished for bringing good faith claims against their employers. Second, ordering each party to bear its own costs would confer a substantial benefit on the public by enabling aggrieved employees to bring meritorious claims without fear of harsh consequences. *See Horsford v. Salvation Army*, 2002 U.S. Dist. LEXIS 18453, at *8 (S.D.N.Y. Sep. 30, 2002) ("it would be . . . unfortunate—and contrary to the purposes of Title VII—if fear of liability for attorneys' fees were to chill the assertion of civil rights claims."); *Champion Produce,* 342 F.3d 1016 at 1022 ("We have previously approved as appropriate reasons for denying costs . . . 'the chilling effect of imposing . . . high costs on future civil rights litigants.'"); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986) ("awarding

Page 2 of 4
Banks, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-DPM
Plaintiffs' Objection to Defendant's Bill of Costs

costs to the prevailing defendant could have a chilling effect on small businesses"). Indeed, such a consequence for losing a good faith FLSA claim would fly in the face of the purpose for which the FLSA was enacted.

Third, there is a drastic and undisputed disparity between the parties' financial resources. Defendants had an annual gross income of business done that is not less than $500,000 in each of the years preceding the filing of the Original Complaint. See ECF 1. Plaintiffs are just some of Defendants' many employees who felt wronged by the company. *See, e.g.*, *Norman v. Indep. Case Mgmt.*, No. 4:20-cv-492-DPM, 2022 U.S. Dist. LEXIS 120084, at *1–2 (E.D. Ark. July 7, 2022) (stating that a showing of a losing party's inability to pay "would tilt the balance against an award") (citing *Thomas v. Viskase Cos.*, No. 3:19-cv-371-DPM, 2022 U.S. Dist. LEXIS 5501, at *1 (E.D. Ark. Jan. 11, 2022)); *See Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2021 U.S. Dist. LEXIS 63151, at *6–7 (E.D. Ark. Mar. 31, 2021) (denying a portion of the defendants' bill of costs in part because "The record evidence supports that Mr. Hicks and the other plaintiffs earned or earn close to minimum wage, while defendants have considerable financial resources"). Because the parties' disparate economic circumstances and the nature of Plaintiffs' claims make taxation of costs against Plaintiffs inappropriate, Defendants' Bill of Costs should be denied in its entirety.

Fourth, though Plaintiffs eventually lost on summary judgment, their claims were disputed, discovery was performed over the course of several years, opt-in plaintiffs could eventually recover lost wages due to Plaintiffs' efforts in bringing this lawsuit, and the legal issues were closely contested. This is not the type of plainly non-meritorious claim that would justify the award of costs.

Page 3 of 4
Banks, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-DPM
Plaintiffs' Objection to Defendant's Bill of Costs

### III.     CONCLUSION

Because the parties' disparate economic circumstances and the nature of Plaintiffs' claims make taxation of costs against Plaintiffs inappropriate, Plaintiffs respectfully ask the Court to exercise its discretion to deny Defendants' Bill of Costs in its entirety.

                              Respectfully submitted,

**LAERTHA BANKS and ARIA LAMBERT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 4 of 4**
**Banks, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-429-DPM**
**Plaintiffs' Objection to Defendant's Bill of Costs**