# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| LAEARTHA BANKS, ARIA LAMBERT, TAIWAN DICKERSON, and KIM KING-MACON | PLAINTIFFS |
| VS. No. 4:21-cv-00429-DPM | |
| CENTENE MANAGEMENT COMPANY and CENTENE CORPORATION | DEFENDANTS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS

For their Response to Plaintiffs' Objections to Defendants' Bill of Costs (Doc. 47) ("Plaintiffs' Objections"), Defendants Centene Management Company, LLC and Centene Corporation state:

## I.
## BACKGROUND AND INTRODUCTION

Plaintiffs filed this Fair Labor Standards Act collective action on May 18, 2021, seeking to represent a nationwide collective of hourly employees who had received bonuses in the previous three years. (Doc. 1, ¶ 44). Two individuals filed consents to join: Taiwan Dickerson and Kim King-Macon. (Docs. 10, 11). Plaintiffs failed to file a motion for conditional certification prior to the parties' agreed deadline, so Defendants sought to dismiss the collective claims. (Docs. 15, 16). On March 23, 2022, the Court granted Defendants' motion and dismissed the collective claims. (Doc. 25). On October 31, 2022, Defendants filed for summary judgment because Defendants correctly calculated Plaintiffs' overtime pay. (Docs. 26-31). By its Order of September 22, 2023, the Court agreed and dismissed Plaintiffs' claims with prejudice. (Doc. 43-44).

This case marked the second time Plaintiffs' counsel filed suit against Defendants over bonuses.  On March 20, 2020, Shelley Whittenberg filed a collective action against Defendants, as well as Centene Company of Texas, L.P., in the Western District of Texas, Case No. SA-20-CV-00353-DAE, claiming Defendants did not include annual bonuses in the regular rate when calculating overtime.  Plaintiffs' counsel asked the Texas court to conditionally certify a nationwide collective for bonuses, as well as alleged off-the-clock work.  In opposing the motion, Defendants made many of the same arguments they made in their summary judgment motion in this case.  The Texas court denied Whittenberg's motion, concluding she had failed to satisfy her burden to demonstrate a nationwide collective of similarly situated employees existed. *Whittenberg v. Centene Company of Texas, L.P. et al.*, 2020 U.S. Dist. LEXIS 115851 (W.D. Tex. July 1, 2020).  The case was ultimately dismissed by way of joint stipulation of the parties in April of 2021.

In other words, Defendants have been defending themselves against the claims in this case in two different jurisdictions brought by the **same Plaintiffs' counsel** for more than three years.  Both cases were brought as collective actions, which are costly to defend, and in both cases, the plaintiffs' efforts to proceed on a collective basis were unsuccessful.  And, ultimately, their claims were unsuccessful on the merits.  Getting these results, though, was not without significant costs to Defendants, yet their attorneys' fees and most of their expenses are not recoverable.  At the very least, Plaintiffs should be required to pay Defendants' limited recoverable costs under Rule 54.

As one federal court summarized, the potential benefits of a plaintiff filing suit can be great, while the risks for a typical plaintiff bringing suit are fairly limited:

> It is an easy thing to file a lawsuit.  For [the cost of the filing fee] an individual can engage the great machinery of the federal court system and require large corporations to come defend themselves.  If he prevails he may recover damages.  If he loses he is only to reimburse the defendant certain enumerated costs.

*Am. Key Corp. v. Cumberland Assocs.*, 102 F.R.D. 496, 498 (N.D. Ga. 1984). The costs sought by Defendants are not unreasonable or excessive. Having engaged the machinery of the federal judicial systems for the past three years and compelled Defendants to spend significant amounts of money to defend themselves against Plaintiffs' claims, Plaintiffs should bear at least some of the expense—a fraction of the expense incurred by Defendants. Plaintiffs' Objections give no legitimate basis why these costs should not be taxed against them.

## II.
## ARGUMENTS AND AUTHORITIES

Rule 54 provides that costs other than attorney's fees **shall** be allowed to the prevailing party unless a federal statute, the rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Thus, a prevailing party is presumptively entitled to recover its costs. *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).

Although courts have discretion in deciding whether to award costs, courts are "not likely to exercise [this] discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so, particularly when the losing party is capable of paying the costs." 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2668 (4th ed.).

Here, Plaintiffs do not argue Defendants are not the prevailing party. Although they ask the Court to "examine" Defendants' costs and "deny those that are unsupported by evidence and not taxable," they make no assertion that any of the costs at issue are unsupported or not taxable under 28 U.S.C. § 1920. Instead, they argue the Court should exercise its discretion because (1) they believe their case was not frivolous, (2) aggrieved employees should be able to bring FLSA claims without fear of "harsh consequences," (3) there is a disparity in the financial resources of the parties, and (4) their claims were disputed and closely contested. These objections are insufficient to overcome the presumption that Defendants are entitled to their costs.

4873-8187-3285.4 / 095402-1020

A.      **Lack of Frivolousness Does Not Excuse Plaintiffs' Duty to Pay Costs.**

The mere fact that a non-prevailing party's claims were not deemed frivolous does not mean they should be relieved of the burden of paying costs. "[G]ood faith, by itself, cannot defeat the operation of Rule 54(d)(1)." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing cases); *see also Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (discussing that the denial of costs is a form of penalty which, at a minimum, should be carefully explained).

In addition, Plaintiffs' counsel should have been well aware of the strengths of Defendants' defenses and the likely outcome from their experience in the *Whittenberg* case. Defendants made many of the same arguments in that case that they made in this case. In fact, in the Texas court's view, Plaintiffs' counsel "all but conceded that, according to the affidavit submitted by Defendants, at least Whittenberg's overtime rate might have been calculated correctly in compliance with the FLSA." *Whittenberg v. Centene Co. of Tex., L.P.*, No. SA-20-CV-00353-DAE, 2020 U.S. Dist. LEXIS 115851, at *9 (W.D. Tex. July 1, 2020). Plaintiffs' argument that they should not be "punished" for bringing claims against their employers therefore fails.

B.      **Plaintiffs Assumed the Risk of Litigation When They Filed Suit.**

Plaintiffs argue that the Court should require the parties to bear their own costs because that "would confer a substantial benefit on the public by enabling aggrieved employees to bring meritorious claims without fear of harsh consequences." Plaintiffs' Objections, p. 2. Not only is the subject matter of a case insufficient to overcome the presumption of a cost award, but filing a lawsuit – particularly an FLSA collective action – is not without risk. Indeed, the Eighth Circuit has previously held that an award of costs is permissible under the FLSA. *See Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016).[1] Plaintiffs should have known that, by filing suit,

---

[1] The plaintiffs in *Lochridge* were also represented by Plaintiffs' counsel.

-4-

they assumed the risk of litigation, including its costs. Plaintiffs' counsel, in particular, should have known about the risk from their experience in *Whittenberg*.

In *White v. Baptist Memorial Healthcare Corp.*, No. 08-2478, 2012 U.S. Dist. LEXIS 122564 (W.D. Tenn. Aug. 29, 2012), the Tennessee court awarded costs in excess of $35,000 to a prevailing defendant in an FLSA collective action over the plaintiff's strenuous objections. The court rejected the plaintiff's argument that awarding costs to the defendant "would have a chilling effect on future FLSA claims." *Id.* at *11. The court stated, not only was "the subject matter of an action . . . insufficient to overcome the presumption of awarding costs," but an award of costs "would not undermine the humanitarian goals of the FLSA." *Id.* The court recognized the plaintiff chose to bring her FLSA claim as a collective, which she was not required to do, and she assumed the "attendant risks, including the risk of paying costs" by serving as the named party. *Id.* "That the FLSA is remedial should not permit [the plaintiff] to evade the responsibilities of advancing a failed claim." *Id.*

> On the same subject, the Third Circuit held:
>
> Appellants' arguments concerning a "chilling effect" on litigation are unpersuasive. The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation. Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims. After all, the Rules presume that the prevailing party is entitled to costs. It is incumbent on an attorney to explain the risks of litigation to his or her client – including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful.

*Reger v. Nemours Found., Inc.*, 599 F.3d 285, 289 (3d Cir. 2010).

An award of costs is permissible in an FLSA case in the Eighth Circuit, and if requiring a single plaintiff to pay over $35,000 in costs would not have a chilling effect on FLSA litigation,

then requiring four plaintiffs to pay less than $2,700 in total costs certainly will not.[2]  Nothing about an award of costs in this case would "frustrate the purposes" of the FLSA.

### C. Plaintiffs Have Not Demonstrated an Inability to Pay.

Plaintiffs make the unsubstantiated and unsupported argument that "there is a drastic and undisputed disparity between the parties' financial resources." Plaintiffs' Objections, p. 3. These unsupported claims should not be considered by the Court.

In *Norman v. Independent Case Management* – curiously, a case cited by Plaintiffs in their Objections – the Court rejected the same unsupported argument in considering whether to award costs:

> Plaintiff says that the company is better situated than her to bear the costs of litigating her good faith claims against it. She has not, however, offered any proof of her financial condition or cited any authority suggesting that financial disparities alone could be a basis on which to deny costs to a prevailing party. The record contains no evidence that [the plaintiff] is unable to pay, which would tilt the balance against an award. She has not met her burden to show that the equities favor her.

No. 4:20-cv-492-DPM, 2022 U.S. Dist. LEXIS 120084, at *1-2 (E.D. Ark. July 7, 2022).

Moreover, a prevailing party's ability to absorb costs is not determinative. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999) ("the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths," as that

---

[2] Plaintiffs' Objections do not directly address who, under their fee agreement, will actually pay the costs. Some courts believe this issue is relevant. *See, e.g., Simons v. Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2021 U.S. Dist. LEXIS 65778, at *6 (D. Or. Feb. 22, 2021) (plaintiff did not meet burden of showing cost award would be inequitable because he did not say he would have to pay cost award himself); *Taylor v. AutoZone Inc.*, No. CV 10-08125-PCT-FJM, 2012 U.S. Dist. LEXIS 85285, at *6 (D. Ariz. June 20, 2012) (after ordering plaintiffs to divulge who would pay costs, finding "the chilling effect on future FLSA litigants minimal at best" because counsel would foot the bill); *Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG (WVG), 2011 U.S. Dist. LEXIS 117517, at *12 (S.D. Cal. Oct. 12, 2011) (rejecting plaintiff's objections to paying costs because, among other things, he did say whether he or his attorney would have to pay the award).

"would almost always favor an individual plaintiff . . . over her employer defendant" and "would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status").  Defendants were required to incur substantial attorneys' fees to defend Plaintiffs' claims not just in this case, but in Texas as well.  As other courts have recognized, "representative actions are neither risk-free nor inexpensive; indeed, risk and cost are ubiquitous."  *Frye v. Baptist Mem'l Hosp., Inc.*, 863 F. Supp. 2d 701, 706 (W.D. Tenn. 2012).  A plaintiff should not be permitted to "use the FLSA as a sword to advance his claim while shielding himself from risk.  To conclude otherwise would allow plaintiffs to advance risk-free FLSA claims, which neither the FLSA nor representative actions in general permit."  *Id.*

### D. This Case Did Not Present Close Legal Questions, but Even If It Had, Rule 54 Still Permits An Award of Costs.

Plaintiffs argue they should be spared from having to pay costs because the claims were "disputed" and "closely contested."  Setting aside the fact that litigation is inherently "disputed" and "closely contested," Plaintiffs misunderstand Rule 54's standard and exaggerate the nature of this litigation.

Rule 54 allows the prevailing party an award of its costs "unless . . . an award would be inequitable in the circumstances."  *Norman*, 2022 U.S. Dist. LEXIS 120084.  Rule 54 looks only at who qualifies as the "prevailing party," an issue Plaintiffs do not contest.  The equitable considerations that might spare Plaintiffs from paying costs are not present here.  Plaintiffs' counsel was very familiar with the legal claims from their experience in *Whittenberg*, and they should have known the case did not present close or complicated legal issues.  Plaintiffs also did not invest considerable time or energy in the case.  They did not conduct any written discovery.  Plaintiff Lambert produced just three pages of documents with her initial disclosures; Plaintiff Banks produced no documents.  They waited until the very end of discovery to provide any

damages calculations. They did not take any depositions. They failed to file for conditional certification by the deadline. Nothing about this case makes a cost award to Defendants inequitable.

### III.
### CONCLUSION

Accordingly, Centene Management Company, LLC and Centene Corporation request that the Court overrule Plaintiffs' Objections and award them their Rule 54 costs in the amount of $2,631.65.

Eva C. Madison (98183)
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR  72701
Telephone:  479.582.6100
emadison@littler.com

Breanne Sheetz Martell
*(Admitted pro hac vice)*
Littler Mendelson, P.C.
One Union Square, 600 University St.
Suite 3200
Seattle, WA  98101
Telephone: 206.623.3300
bmartell@littler.com

Brian Rho (*Admitted pro hac vice*)
Littler Mendelson, P.C.
One Union Square, 600 University St.
Suite 3200
Seattle, WA  98101
Telephone: 206.623.3300
brho@littler.com

Attorneys for Centene Management Co. and Centene Corporation